NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO CASTILLO AVILA,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No.   15-71134<br><br>Agency No. A079-154-110<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before:     REINHARDT, W. FLETCHER, and, OWENS, Circuit Judges.

Guillermo Castillo Avila, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder,* 755 F.3d 1026, 1031 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Castillo Avila's contention that his conviction does not bar his claims for asylum and withholding of removal, and his contentions regarding cancellation of removal, because he failed to raise these issues to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues in administrative proceedings below).

Substantial evidence supports the BIA's denial of Castillo Avila's CAT claim because he failed to establish it is more likely than not he will be tortured by the Mexican government, or with its consent or acquiescence. *See Garcia-Milian,* 755 F.3d at 1034; *Zheng v. Holder,* 644 F.3d 829, 835 (9th Cir. 2011) ("claims of possible torture remain speculative").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**